UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-534-GSL-JEM |
| E. COOK, B. RUTKOWSKI, TAYLOR, BURTON, and BUHLMANN, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint, ECF 1, then followed it up with an amended complaint two weeks later, ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Herzog alleges that since his arrival at the DeKalb County Jail, he has had problems with sending and receiving mail without any privacy. He points to one incident in particular on December 5, 2024, when Officer Taylor gave him legal mail from his attorney that had already been opened. When Herzog asked

Officer Taylor about it later that night, Officer Taylor blamed his superior officers, Corporal Rutkowski and Sergeant Cook.

Herzog's next issue with his legal material occurred on December 9, 2024. He was sent to disciplinary on a writeup, and Officer Buhlmann and Officer Burton went through the property in his former cell. They overturned all his legal mail. When he got his tote back, he noticed that he was missing his law dictionary and a manilla envelope.

Inmates' First Amendment rights in sending and receiving mail can be limited by restrictions that are "reasonably related to legitimate penological interests." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). However, the Constitution places heightened protection on "legal mail," because of the potential for interference with his right of access to the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). This type of mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). But the one-time opening of a letter from an attorney is insufficient to state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice or interfering with mail to his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference).

Here, the alleged interference with Herzog's legal mail does not state a constitutional claim. He alleges only one instance of interference with mail from his attorney, and he doesn't allege any interference with the legal mail in his cell other than it being overturned. Prison staff are allowed to handle his legal mail while packing up his cell after he was moved to disciplinary.

Nor may Herzog proceed on a claim regarding the missing law dictionary or the missing manilla envelope, which presumably he would use to mail legal documents. The Fourteenth Amendment prohibits a state from depriving a person of property without due process of the law. But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the Due Process Clause by providing a process to address the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The rule applies even if the missing property was a legal book. *See Greeno v. Litscher*, 13 F. App'x 370, 376 (7th Cir. 2001). The

Indiana Tort Claims Act offered Herzog a process for resolving his dispute that satisfied the Due Process Clause.

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Additionally, there are two motions pending before the court. First, Herzog filed an amended motion for leave to proceed in forma pauperis with his amended complaint. ECF 5. This will be denied as moot because he has already been granted leave to proceed in forma pauperis. ECF 3. Defendants filed a motion for clarification, seeking guidance on how to carry out the court's in forma pauperis order, directing the immediate payment of an initial partial filing fee of $77.25. ECF 10. They represent that Herzog does not have sufficient funds in his trust fund account at the jail to satisfy that amount. This motion is moot, as the initial partial filing fee has been paid. ECF 11.

For these reasons, the court:

(1) DENIES the motions (ECF 5, 10) as MOOT;

(2) GRANTS Coltin Drew Herzog until **March 25, 2025**, to file an amended complaint; and

(3) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 20, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT