UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-534-GSL-JEM |
| E. COOK, B. RUTKOWSKI, TAYLOR, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint about alleged mishandling of his legal mail that the court determined did not state a claim. ECF 4, ECF 12. The court concluded that the one instance of mishandled legal mail that Herzog identified did not rise to the level of a constitutional concern, and he was granted leave to file an amended complaint. ECF 12. He has done so. ECF 14. Under 28 U.S.C. § 1915A, the court must review the merits of that amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his amended complaint, Herzog repeats his prior allegations—namely, that on December 5, 2024, Officer Taylor brought him a letter from his public defender that was

already opened. He says he filed a grievance about the issue, and the grievance was founded. Officer Taylor later told Herzog that his supervisors told him to open the mail. Herzog alleges in his amended complaint that he experienced two other issues with his legal mail than just the one identified here, and he filed separate lawsuits about those.

Herzog's "legal mail" is entitled to heightened protection at the jail because of the potential for interference with his right of access to the courts. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). This type of mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). As Herzog was told before, *see* ECF 12 at 2, the one-time opening of a letter from an attorney is insufficient to state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice of interfering with mail to his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference).

Herzog alleges that this instance is one of many issues he has had with his legal mail, but he provides no details here about those other incidents. Furthermore, even if there were other incidents with his legal mail, Officer Taylor can be held responsible only for those incidents in which he was personally involved. *See Burks v. Raemisch*, 555

F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). This means that if Officer Taylor committed just one of several legal mal violations, he cannot be held responsible for the other violations without some personal involvement linking him to those additional ones. *Cf. Andreyev v. Kjorlie*, 455 F. App'x 693, 696 (7th Cir. 2011) (refusing to find defendants liable for the cumulative denial of toothbrush and toothpaste, where "no single defendant refused [plaintiff] a toothbrush more than four times, and most of the defendants turned him down no more than once or twice").

Therefore, this amended complaint still does not state a claim against Officer Taylor for a legal mail violation because Herzog does not connect Officer Taylor to legal mail interference beyond the one detailed here.[1] A one-time interference is not enough to state a claim. Nor will the court look into other cases, outside the four corners of the complaint, for additional instances of legal mail violations to determine whether this instance is part of a pattern of violations. *See* N.D. IND. L.R. 15-1. (requiring that amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference). Thus, Herzog will be given one more opportunity to file an amended complaint that contains all his allegations concerning his legal mail in one complaint in order to show a pattern or practice of legal mail violations as well as to identify a defendant who might be responsible for that pattern

---

[1] Herzog also names as defendants Sergeant Ethan Cook and Corporal B. Rutkowski but doesn't mention them in the body of the complaint. Without any allegations against them, there is no basis to allow a claim against them.

or practice. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

In addition, there are two other pending matters. First, the defendants filed a motion for the court to reconsider the order granting Herzog leave to proceed in forma pauperis. ECF 15. They argue that because Herzog has accumulated three "strikes" as defined by 28 U.S.C. § 1915(g) after he filed this lawsuit, he should be precluded from proceeding in forma pauperis here. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to defendants' motion, and confirmed by court records, Herzog incurred his third strike on March 25, 2025, in *Herzog v. Carpenter*, No. 1:24-cv-563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025), after this case had already been filed in December 2024. By the plain language of the statute, the prohibition on proceeding in forma pauperis is

4

prospective, not retrospective. The language "bring a civil action" demonstrates that the relevant time to determine when a prisoner may proceed in forma pauperis is at the time he or she files the complaint. "Section 1915(g) governs bringing new actions or filing new appeals—the events that trigger an obligation to pay a docket fee—rather than the disposition of existing cases." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). When Herzog filed this case, he did not have three strikes. The motion for reconsideration will be denied.

Finally, Herzog filed a Request for a Ruling, citing Indiana Rule of Trial Procedure 53.1, which sets special procedures for motions in Indiana state courts that have not been ruled on within 30 days. ECF 20. The Indiana Trial Rules have no application to this federal case, which is governed by the Federal Rules of Civil Procedure. Filing a motion for a ruling will not result in a case proceeding faster; in fact, it may serve to slow a ruling as judicial resources must be devoted to ruling on unnecessary motions like this one. Certainly, this case is important, but this is not the only case pending before this court and all cases filed in this court are important. It takes time to accurately review and justly rule on each filing. Therefore, the motion will be denied.

For these reasons, the court:

(1) DENIES the motions (ECF 15, ECF 20);

(2) DIRECTS the clerk to write his cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Coltin Drew Herzog;

(3) GRANTS Coltin Drew Herzog until **August 25, 2025**, to file an amended complaint; and

(4) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 21, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT