UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

COLTIN DREW HERZOG,

 Plaintiff,

   v.          CAUSE NO. 1:24-CV-534-GSL-JEM

B. RUTKOWSKI, TAYLOR, BURTON,
ZACH SHIFFLETT, A. DEYO, and ALEX
COLLINS,

 Defendants.

## OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed an amended complaint. ECF 29. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog filed a motion to merge suits, asking to combine the allegations in Case Nos. 1:25-CV-33, 1:25-CV-81, and 1:25-CV-86, into this case because they all deal with matters involving his mail at the DeKalb County Jail. ECF 25. The court will allow him to combine these allegations in this lawsuit, which he has done in his amended complaint. ECF 29. However, when screening the amended complaint, the court will

not consider the later filings, seeking to add additional allegations to the amended complaint. ECF 30, ECF 32, ECF 33, ECF 34. This court's local rules require amended complaints to stand on their own and do not allow parties to amend complaints in a piecemeal fashion. *See* FED. R. CIV. P. 11(a); N.D. IND. L.R. 15-1.

Herzog alleges that since his detention at the DeKalb County Jail, starting on May 23, 2024, he has had problems sending and receiving mail. He alleges he doesn't get any privacy in his mail, even legal mail. As an initial matter, the court notes that prisoners generally have no right to privacy in outgoing correspondence. *See United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("[B]ecause of their reasonable concern for prison security and inmates' diminished expectations of privacy, prison officials do not violate the constitution when they read inmates' outgoing letters." (alteration in original) (quoting *United States v. Brown*, 878 F.2d 222 (7th Cir. 1989)). However, the constitution places heightened protection on "legal mail," defined as mail to and from an inmate's attorney and properly designated as such because of the potential for interference with his right of access to the courts and his Sixth Amendment right to counsel. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999); s*ee also Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). This type of mail may not be opened outside the presence of the inmate. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005).

However, publicly filed court orders are not entitled to heightened constitutional protection. Communications from the court addressed to an inmate are deemed public and, therefore, are not entitled to the same constitutional protections as communication

with an attorney. *See Guajardo-Palma v. Martinson,* 622 F.3d 801, 804 (7th Cir. 2010). Nor are letters from a governmental agency entitled to heightened constitutional protection. *See id.* at 806 (letters from governmental agencies would not give the "reader insights into the prisoner's legal strategy"). An individual jail is free to include court orders and other official mail in its definition of "legal mail" and grant them the same heightened protection as attorney mail. But that does not bestow these letters with special constitutional protections. Violations of jail regulations or state law, alone, do not violate the constitution. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003).

Herzog identifies a few instances in which he received legal mail that was already opened. First, he says that on November 5 and December 5, 2024, Officer Taylor gave him legal mail from his attorney that was already opened but was still in the envelope. Both envelopes had to do with his self-defense claim in his criminal trial. Officer Taylor informed Herzog that his supervisors—Lieutenant Zach Shifflett, Corporal B. Rutkowski, and Jail Commander Joshua Carpenter—made him do it.

In another instance, on January 17, 2025, Jail Commander Carpenter gave him an envelope from his attorney that held a thumb drive containing videos of interviews. Herzog saw that the envelope was already opened. Herzog started watching the video, and Officer Deyo entered the room unannounced to bring him a meal. At that point in the video, Herzog was watching the interview of his alleged victim's mom. Herzog complains that after Deyo gave him the tray, he lingered in the room for 30 seconds. He alleges this is part of a continued pattern of legal mail interference.

Finally, on February 18, 2025, Herzog received DNA evidence from his attorney. When Officer Collins brought him the envelope, it was already opened. Herzog asked why it was opened, and Officer Collins stated that they received it like that. Herzog's attorney later told him that he had sealed the envelope.

These instances do not add up to a constitutional violation for improper handling of legal mail. The occasional opening of a letter from an attorney is insufficient to state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice of interfering with mail to his attorney. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference). These four instances, spread out over several months, do not add up to an ongoing practice of legal mail interferences.

Herzog goes on to detail that during his detention, he recorded a total of 25 letters that were either destroyed before they were shipped out or confiscated without giving him notice. The letters he identified are:

- 3 letters to Self-Help in Shelbyville (10/6/24; 10/7/24; and 10/8/24);
- Letter to Governor (10/6/24);
- Letter to Washington, D.C. (10/6/24);
- 2 letters to Kaplan, LLC (10/20/24; 12/15/24);
- 2 letters to Truitt Law (10/20/24; 12/15/24);
- Letter to Hamilton Law (10/20/24);
- 2 letters to Adams Law Office (10/20/24; 12/15/24);
- 2 letters to Fletcher LLP (10/20/24; 12/15/24);
- 3 letters to Indiana Department of Insurance (11/12/24; 12/8/24; 12/29/24);
- Lawsuit to Fort Wayne Court (12/18/24);
- Letter to 21 Alive (1/5/25);
- Letter to Governor (1/12/25);
- Letter with exhibits for Case No. 1:25-cv-80-JD-JEM (7/21/25);
- Lawsuit to DeKalb Court (7/28/25);

4

- Letter to mom (6/23/25).

In addition, Herzog alleges that when his mother came to get his property on August 8, 2025, she discovered 10 letters that had never been sent out, but he never received notice of this. He alleges Officer Taylor, Officer A. Deyo, Officer Alex Collins, and Officer Devin Burton all handled at least one of the letters on the orders of Corporal B. Rutkowski and Lieutenant Zach Shifflett.

Prisoners have an interest protected by the First Amendment in their incoming and outgoing mail. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785–86 (7th Cir. 2011); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). In determining whether an inmate states a First Amendment claim based on the withholding of mail, the court must consider two factors. *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006). "First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* (citation omitted). Such interests include "security, order, and rehabilitation." *Id.* (citation omitted); *see also Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989). Second, the challenged action "must be no greater than is necessary or essential to the protection of that interest." *Koutnik*, 456 F.3d at 784 (citation and internal quotation marks omitted).

Giving Herzog the inferences to which he is entitled at this stage, he has plausibly alleged a denial of his First Amendment rights in connection with the correspondence that was confiscated while he was detained at the jail. Further factual development may show that there were legitimate reasons for confiscating this correspondence, but he has plausibly alleged that the confiscation of his correspondence

went beyond what was necessary to protect the security of the facility. *See Lashbrook v. Hyatte*, 758 F. App'x 539, 542 (7th Cir. 2019) (observing that at the pleading stage, it is difficult to evaluate the prison's interests and the viability of alternatives). He will be permitted to proceed against Officer Taylor, Officer A. Deyo, Officer Alex Collins, Officer Devin Burton, Corporal B. Rutkowski, and Lieutenant Zach Shifflett on this claim.

The allegations additionally establish an alleged violation of his right to procedural safeguards in connection with the confiscation of his mail. "Due process requires that the decision to censor inmate mail must be accompanied by minimum procedural safeguards." *Miller v. Downey*, 915 F.3d 460, 465–66 (7th Cir. 2019) (citations omitted). "This standard has generally required officials to provide inmates with notice and an opportunity to object to a confiscation of their mail." *Id.* The Seventh Circuit has made clear that a claim challenging the lack of adequate procedural protections in connection with the confiscation of mail is distinct from—and not duplicative of—a First Amendment claim challenging the confiscation of the mail itself. *Id.* Herzog will be permitted to proceed against the same officers under *Miller*.

Finally, Herzog names as a defendant Natalie Shifflett, but she is not mentioned in the body of the complaint. A defendant must have personal involvement in the alleged constitutional violation in order to be held liable. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). She will be dismissed.

For these reasons, the court:

(1) GRANTS the motion to consolidate cases (ECF 25);

(2) GRANTS Coltin Drew Herzog leave to proceed against Officer Taylor, Officer A. Deyo, Officer Alex Collins, Officer Devin Burton, Corporal B. Rutkowski, and Lieutenant Zach Shifflett in their individual capacities for monetary damages for allegedly confiscating his correspondence while he was detained at the DeKalb County Jail, beginning in May 2024 without a valid security justification, in violation of the First Amendment;

(3) GRANTS Coltin Drew Herzog leave to proceed against Officer Taylor, Officer A. Deyo, Officer Alex Collins, Officer Devin Burton, Corporal B. Rutkowski, and Lieutenant Zach Shifflett in their individual capacities for monetary damages for allegedly denying him due process protections in connection with the confiscation of his correspondence, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Joshua Carpenter and Natalie Shifflett;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Taylor, Officer A. Deyo, Officer Alex Collins, Officer Devin Burton, Corporal B. Rutkowski, and Lieutenant Zach Shifflett at the DeKalb County Jail, with a copy of this order and the complaint (ECF 29);

(7) ORDERS DeKalb County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

7

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Taylor, Officer A. Deyo, Officer Alex Collins, Officer Devin Burton, Corporal B. Rutkowski, and Lieutenant Zach Shifflett to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 6, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT